UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON SWORD AND
ROBERT ROSS,

    Plaintiffs,

v.                                                  Case No.: 8:19-cv-01073-T-02-SPF

DOLPHIN MOVING SYSTEMS, INC.,
and GREGORY DOLPHIN,

    Defendants,

and

WELLS FARGO BANK, N.A.,

    Garnishee

_____/

## ORDER

Plaintiffs Jason Sword and Robert Ross move this Court for a writ of garnishment to be issued against Wells Fargo, N.A., as garnishee. (Doc. 21). While Plaintiffs fail to cite to any authority in support of the requested relief, the Court presumes that the request is being made pursuant to Rule 69(a)(1), Federal Rules of Civil Procedure. "In federal court, the procedure on execution of a judgment 'must accord with the procedure of the state where the court is located[.]'" *Branch Banking & Tr. Co. v. Carrerou*, 730 F. App'x 869, 870 (11th Cir. 2018) (quoting Fed. R. Civ. P. 69(a)(1)). Under Florida law, a party has the right to seek a writ of garnishment once a judgment has been entered in his favor. *See id.*; Fla. Stat. § 77.01. To obtain a writ of garnishment, the judgment creditor must file a motion stating the amount

1

of the judgment. Fla. Stat. § 77.03. Plaintiffs set forth in their motion that the sum of $47,760.00 remains due and unpaid on "the judgment sum of $47,760.00 plus interest at the rate of 12% a year from August 27, 2019." (Doc. 21). Accordingly, it is hereby

ORDERED:

1. Plaintiffs' Motion for Wirt of Garnishment (Doc. 21) is granted.

2. The Clerk of Court shall issue a writ of garnishment to Wells Fargo, N.A., as garnishee, in form submitted at Doc. 21-1.

3. As required by Fla. Stat. §77.041, the Clerk of Court shall attach to the writ of garnishment the following "Notice to Defendant":

NOTICE TO DEFENDANT OF RIGHT AGAINST GARNISHMENT OF WAGES, MONEY, AND OTHER PROPERTY

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT. NOTE THAT THE

FORM REQUIRES YOU TO COMPLETE A CERTIFICATION THAT YOU MAILED OR HAND DELIVERED COPIES TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY.

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff or the plaintiff's attorney must file any objection within 8 business days if you hand delivered to the plaintiff or the plaintiff's attorney a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 14 business days if you mailed a copy of the form for claim and request to the plaintiff or the plaintiff's attorney. If the plaintiff or the plaintiff's attorney files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff or the plaintiff's attorney fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

IF YOU HAVE A VALID EXEMPTION, YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.

CLAIM OF EXEMPTION AND REQUEST FOR HEARING

I claim exemptions from garnishment under the following categories as checked:

___ 1. Head of family wages. (Check either a. or b. below, if applicable.)

___ a. I provide more than one-half of the support for a child or other dependent and have net earnings of $750 or less per week.

___ b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished.

___ 2. Social Security benefits.

___ 3. Supplemental Security Income benefits.

___ 4. Public assistance (welfare).

___ 5. Workers' Compensation.

___ 6. Reemployment assistance or unemployment compensation.

    \_\_     7. Veterans' benefits.

    \_\_     8. Retirement or profit-sharing benefits or pension money.

    \_\_     9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.

    \_\_     10. Disability income benefits.

    \_\_     11. Prepaid College Trust Fund or Medical Savings Account.

    \_\_     12. Other exemptions as provided by law.

_____(explain)

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address: _____

Telephone number:_____

I CERTIFY UNDER OATH AND PENALTY OF PERJURY that a copy of this CLAIM OF EXEMPTION AND REQUEST FOR HEARING has been furnished by (circle one)United States mail or hand delivery on (insert date) , to: (insert names and addresses of Plaintiff or Plaintiff's attorney and of Garnishee or Garnishee's attorney to whom this document was furnished) .

I FURTHER CERTIFY UNDER OATH AND PENALTY OF PERJURY that the statements made in this request are true to the best of my knowledge and belief.

_____

Defendant's signature

Date_____

STATE OF FLORIDA

COUNTY OF

Sworn and subscribed to before me this _____ day of (month and year) , by (name of person making statement)

Notary Public/Deputy Clerk

Personally Known _____OR Produced Identification\_\_\_\_

Type of Identification Produced_____

(2) The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later. However, if such documents are returned as undeliverable by the post office, or if the last known address is not discoverable after diligent search, the plaintiff must mail, by first class, the documents to the defendant at the defendant's place of employment. The plaintiff shall file in the proceeding a certificate of such service.

(3) Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. If the plaintiff or the plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within 8 business days after hand delivering the claim and request or, alternatively, 14 business days if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

(Doc. 21-1).

**ORDERED** in Tampa, Florida on October 9, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE