UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON SWORD and
ROBERT ROSS, on behalf of themselves
and on behalf of all other similarly situated,

    Plaintiffs,

v.                                          CASE NO. 8:19-cv-1073-T-02SPF

DOLPHIN MOVING SYSTEMS, INC. and
GREGORY DOLPHIN,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Verified Motion to Set Aside and Vacate Default Judgment (Dkt. 25), and Plaintiffs' Response in Opposition (Dkt. 27). After careful consideration of the submissions of the parties, the applicable law, and the entire file, the Court concludes the motion is due to be denied.

## BACKGROUND

Plaintiffs initiated this action against their employer Dolphin Moving Systems, Inc. ("Dolphin Moving") alleging a claim for unpaid minimum wages under the Fair Labor Standards Act("FLSA"), 29 U.S.C. § 201 *et seq.* Dkt. 1. Dolphin Moving was served with the complaint on May 7, 2019. Dkt. 8. A clerk's

default was entered against the corporate Defendant on May 30, 2019. Dkt. 10. Plaintiffs amended the complaint to add Defendant Gregory Dolphin Sr. ("Dolphin Sr.") individually (Dkt. 11), who was served with process on June 26, 2019 (Dkt. 13). A clerk's default was entered against Dolphin Sr. on July 19, 2019. Dkt. 15.

Plaintiffs then moved for final default judgment against both Defendants, which the Court granted. Dkt. 19. A final judgment was entered against both Defendants on August 27, 2019, in the amount of $47,760.00. Dkt. 20. Plaintiffs sought a writ of garnishment against Defendants' accounts at Wells Fargo Bank, which the Court granted. Dkts. 21, 22. The writ was issued October 10, 2019. Dkt. 23. Wells Fargo filed its answer on October 24, 2019. Dkt. 24.

On November 20, 2019, Defendants filed this motion to vacate the default judgment citing Federal Rule of Civil Procedure 60(b). Dkt. 25. Defendant Dolphin Sr. explains that his son Gregory Dolphin, Jr. ("Dolphin Jr.") is responsible for the day-to-day operations of the corporation. Dkt. 25 ¶ 2. Dolphin Sr. asserts that he "did not believe he had to participate in the suit because it was being handled by his son." Dkt. 25 ¶ 15. He asserts the failure of both Defendants to respond is based on "miscommunication" between the father and son about the status of the suit. Dkt. 25 ¶ 15. Defendants now request the default judgment be set aside based on excusable neglect. Dkt. 25 ¶¶ 10–18.

# APPLICABLE LAW

The court may set aside a default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). Rule 60(b) allows relief from final judgment by establishing mistake, inadvertence, or excusable neglect. Fed. R. Civ. P. 60(b)(1). The defaulting party may gain relief by showing: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922 (11th Cir. 2007) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Additional equitable factors to be considered in determining the existence of excusable neglect are (1) "the danger of prejudice to the opposing party," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," (4) "and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).

The Supreme Court in *Pioneer* reiterated the meaning of "excusable neglect" in the context of Rule 60(b) as neglect beyond the movant's reasonable control. *Id.* at 393. The neglect is excusable if the movant was prevented from acting. *Id.*

This Court will apply the foundational three-factor test and the additional equitable factors set forth in *Pioneer* to the totality of the circumstances

surrounding the Defendants' neglect.  *See Friedman v. Schiano*, 777 F. App'x 324, 333 n.15 (11th Cir. 2019) (distinguishing *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 743-44 (11th Cir. 2017), which reversed district court for failure to consider all relevant factors in denying 60(b) motion to set aside default).

## DISCUSSION

The analysis of excusable neglect begins with some telling observations about what the facts show Dolphin Sr. knew.  Dolphin Sr. personally received the initial summons and complaint as registered agent of Defendant Dolphin Moving in May 2019.  Dkt. 8.  Plaintiffs amended the complaint solely to add Dolphin Sr. as a party and served Dolphin Sr. through his wife in June 2019.  Dkt. 13.  Dolphin Sr. never claims lack of notice of this action against himself individually and his company.  Any insinuation he was uninformed about this action is belied by the record — he was served twice, once as registered agent and once individually.[1]

*Meritorious Defense*

As defenses, Dolphin Sr. and his company deny Plaintiffs worked the number of hours claimed.  Even assuming Plaintiffs did work those hours, Defendants posit, the "amounts claimed may truly be overtime wages . . . for which [Plaintiffs] are not owed under the Motor Carrier Act exception."  Dkt. 25

---

[1] He does not contest proper service of process on either.

4

¶ 12. Finally, Defendants argue a two-year statute of limitations defense applies to bar many of the claims. Dkt. 25 ¶ 13.

Defendants as the moving parties must make an affirmative showing that a defense is "likely to be successful" and "would probably change the outcome of the case." *In re Worldwide*, 328 F.3d at 1296-97; *Branch Banking & Trust Co. v. Pair A Dice*, No. 8:10-cv-291-T-33EAJ, 2011 WL 2110075, at *2 (M.D. Fla. May 25, 2011). A meritorious defense is defined by "a clear and definite recitation of facts." *Pair A Dice*, 2011 WL 2110075, at *2 (quoting *Gibbs v. Air Can.*, 810 F.2d 1529, 1538 (11th Cir. 1987)). A mere general assertion without some attempt at providing specific facts does not constitute a meritorious defense. *See Loucks v. Smith*, No. 1:12cv304-WHA, 2014 WL 4093229, at *4 (M.D. Ala. Aug. 19, 2014).

The complaint seeks damages for minimum wage violations, not overtime violations. Because Plaintiffs are not seeking overtime compensation, any defense related to overtime does not automatically apply. As to whether the two-year or three-year statute of limitations applies, Plaintiffs have alleged willful violations, which Defendants have failed to rebut. No facts were set forth to establish the hours were overtime or the violations were not willful. The defenses are neither "likely to be successful" nor would they probably change the outcome if the case is reopened.

*Prejudice to Plaintiffs*

Another question in assessing excusable neglect is whether prejudice will result to the Plaintiffs. Prejudice means "more than the prospect of protracted proceedings, the time and expense of trial, and the loss of judgment interest." *Ganier v. Ramsgate Ins., Inc.*, No. 8:17-cv-2463-T-26MAP, 2018 WL 7371262, at *3 (M.D. Fla. July 9, 2018) (citing *Coello v. La Cabana Mexican Rest.*, 2013 WL 314357, at *3 (N.D. Ala. Jan. 3, 2013)). Prejudice arises, in one pertinent situation, when the delay will result in greater exposure to Plaintiffs of possible "fraud or collusion" by Defendants. *See Coello*, 2013 WL 314357, at *3.

The Defendants here, as in *Ganier* and *Coello*, sought to set aside the default judgment once garnishment proceedings were instituted. Without collection efforts, it seems doubtful that Defendants would have attended to this action, or at least the timing supports this supposition despite their protestations otherwise (Dkt. 25 ¶ 18). Although it is not the Court's place to guess the Defendants' intentions, it will not "provide them with more time and opportunity" to avoid paying what they currently owe as a result of the default judgment. *Ganier*, 2018 WL 7371262, at *3 (quoting *Coello*, 2013 WL 314357, at *3). Reopening the case suggests Plaintiffs may suffer some prejudice.

Three months passed between the default judgment and the filing of the motion to set aside. This delay is less than the five months in *Ganier*, but greater

than the one-month delay in *Sloss*. The delay is significant, when coupled with the six-and-a-half-month period between service of the complaint and filing the motion to set aside, and creates at least some prejudice. *See Sloss Indus.*, 488 F.3d at 935 (finding substantial delay occurred where three and a half months passed between service of process and motion to set aside, and over one month passed between default judgment and motion).

The Defendants' actions in this case are distinguishable from *Safari*, relied on by Defendants. In *Safari*, the movant filed a letter with the court three days after entry of the clerk's default. Here, Defendants' first communication was the present motion, some three months after the default judgment was entered. Unlike *Safari*, there is no duplicative lawsuit against Defendants to create confusion.

***Good Reason for Failure to Respond***

Defendants assert "confusion" among Dolphin Sr., Dolphin Jr., and his company "as to just who was being sued and in what capacity." Dkt. 25 ¶ 16. As evidence of this ambiguity Defendants cite to the garnishment proceedings in which Dolphin Jr.'s account, rather than Dolphin Sr.'s, was identified as the debtor's account. Dkt. 25 ¶ 16. Defendants also blame their failure to respond and the delay in seeking relief on the day-to-day hectic pace and scant staff at the office. Dkt. 25 ¶ 17. Finally, Dolphin Sr. thought his son was handling the lawsuit as part of his responsibilities running the day-to-day operations of the company.

7

Dkt. 25 ¶ 15.  As verified by Dolphin Sr., he was "unaware of the gravity and the nature of the case."  Dkt. 25 ¶ 18.

In sharp contrast to Defendants' contentions, there was no outward manifestation of Dolphin Sr.'s belief that his son was handling the lawsuit, nor was there any reason to believe that Dolphin Jr. was a party.  Dolphin Jr. was not named in the complaint or the amended complaint.  Dolphin Sr. was served, not Dolphin Jr.  Dolphin Sr. and his son's assumed lack of communication about this lawsuit does not create confusion in this small, family-run business, which apparently had no internal procedural safeguards for handling lawsuits filed against it.  *Claytor v. Mojo Grill & Catering Co.*, No. 5:14-cv-411-Oc-30PRL, 2015 WL 1538111, at *2–3 (M.D. Fla. Apr. 7, 2015) (denying motion to set aside default judgment where defendants had no procedural safeguards in place and did not act diligently to monitor the progress of the case).[2]  These facts do not demonstrate good reason for not responding to the lawsuit.

Any alleged confusion about who was sued based on the garnishee Bank's mistaken identification of Dolphin Jr.'s account instead of Dolphin Sr.'s account,

---

[2] *See also Cosentino v. Continental Fin. Co.*, No. 8:16-cv-2808-T-35AAS, 2018 WL 4559307, at *5 (M.D. Fla. Mar. 29, 2018) (denying motion to vacate default judgment where defendant did not have minimal internal procedural safeguards required to handle lawsuit as is required to establish excusable neglect). *Watson v. Jordan*, No. 8:17-cv-1948-T-33TGW, 2018 WL 3761049 (M.D. Fla. May 15, 2018), *adopted by*, 2018 WL 3758491 (M.D. Fla. May 31, 2018) (finding no good reason for failing to respond to complaint where defendant did not attempt to monitor the status of the case, despite their attorneys discussing settlement with plaintiff).

8

is irrelevant. The Bank is not a party to the main lawsuit. A more conceivable explanation for the Bank's error is that father and son's names are almost identical. It was not until garnishment that Defendants sought counsel to set aside the judgment. Nothing prevented the Defendants from acting sooner, which shows that participation in the lawsuit was within the Defendants' reasonable control.

Defendants do not claim Dolphin Sr. was unaware of the lawsuit, just that he was ignorant of its gravity. They do not take issue with service. They admit they made no earlier attempts to participate. Defendants displayed disregard for the judicial proceedings by doing nothing until garnishment proceedings ensued. These actions cannot be said to have been taken in diligent good faith. While keeping in mind defaults are disfavored because of the strong public policy of determining cases on their merits, the Court nevertheless finds that Defendant's heedlessness for the legal system warrants denying the motion to set aside.

It is therefore **ORDERED AND ADJUDGED** that the Verified Motion to Set Aside and Vacate Default Judgment (Dkt. 25) is denied.

**DONE AND ORDERED** in Tampa, Florida, on January 3, 2020.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record